IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-80629-TJM |
| | ) | |
| QUALIA CLINICAL SERVICE, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

   Hearing was held in Omaha, Nebraska, on July 6, 2009, regarding Filing #124, Emergency Motion to Enforce Order Establishing Sale Procedures, filed by Inova Capital Funding, LLC, and Filing #137, Resistance, filed by the debtor. Jenna B. Taub and Robert F. Craig appeared for the debtor; Chris Denison, Brian Memory and Brandon Tomjack appeared for Inova Capital Funding, LLC; and Patrick Turner appeared for Icon Development Solutions.

   In 2007, the debtor and Inova Capital Funding, LLC ("Inova") entered into an agreement for the purchase by Inova of accounts receivable generated by the debtor. Prior to the bankruptcy petition being filed, they dealt with each other pursuant to the terms of the contract.

   This Chapter 11 case was filed in March of 2009. Thereafter, representatives of Inova dealt with counsel for the debtor with regard to the right of Inova to continue to collect the accounts receivable allegedly purchased from the debtor pursuant to the terms of the contract. In numerous e-mails between the first week of April and May 8, 2009, Inova made clear that it was the owner of most of the remaining outstanding receivables, and was continuing to collect them. It also suggested that of those receivables that had not been purchased and still belonged to the debtor, Inova would pursue collection and pay over to the debtor all or a significant percentage of the collected receivables. One or more representatives of Inova met with one or more representatives of the debtor during April of 2009 to review records and discuss the collection effort.

   Counsel for the debtor, during the month of April, cooperated with representatives of Inova to enable Inova to collect the receivables.

   At some point in late April or early May of 2009, counsel for the debtor began collection efforts on behalf of the debtor, without informing Inova. When Inova representatives complained about such activity, counsel for the debtor abruptly informed Inova that it was in violation of the automatic stay for attempting to collect the receivables and directed Inova to cease further activity.

   As a result of this dispute between the parties, some of those who owe receivables are refusing to pay because they do not want to be ordered to pay twice, if they end up paying the wrong collector.

   On June 25, 2009, the debtor filed a preference avoidance action against Inova, claiming that Inova's contract was simply a financing arrangement and that the Uniform Commercial Code financing statement filed by Inova was within the preferential 90-day period prior to bankruptcy. That preference avoidance action is on a separate track from the collection of receivables. Pursuant to the practice of the parties prior to bankruptcy and the literal language of the contract between the parties, the arrangement is an outright sale and purchase of receivables. That being

the case, the receivables in question are not the property of the debtor and, until the preference action is determined in favor of the debtor, the debtor has no right to interfere with the collection activities of Inova. If the preference action is successful, the debtor's remedy under the Bankruptcy Code will be enforced by this court. Until then, Inova has the exclusive right to pursue collection of the receivables.

IT IS ORDERED that Filing #124, Emergency Motion to Enforce Order Establishing Sale Procedures is granted and the debtor is ordered, through counsel, to notify any and all obligors on the accounts receivable to make payment to Inova.

DATED:       July 6, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Jenna B. Taub
    Robert F. Craig
    *Chris Denison
    *Brian Memory
    *Brandon Tomjack
    Patrick Turner
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.